IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON D. MEADOR,

    Plaintiff,                    No. CIV S-11-3342 GGH P

  vs.

M. HAMMER, et al.,

    Defendants.               ORDER

_____/

        The court, by separate order, has found plaintiff's complaint, filed in this court's docket on December 16, 2011 (but not entered until December 19, 2011), appropriate for service. In a concurrently filed motion for a preliminary injunction, plaintiff, under penalty of perjury, avowed that first watch staff and officers at California State Prison - Sacramento (CSP-Sac) have a policy or practice of refusing to respond to "man-down" calls for inmates in need of emergency medical care. See Motion, at docket # 2. Plaintiff references three instances wherein defendants Hammer and Asad refused to any man-down calls in B-yard cell blocks 7 and 8. Id. Plaintiff states that he has had asthma attacks and no inhalers and that he has had two heart attacks and been taken by ambulance to a hospital three times for cardiac problems, has liver problems, is diabetic and is handicapped due to damage to his spine. Id. Plaintiff claims that he has had to go so far as to break a cell window for attention to a life-threatening condition and that an inmate

has died due to this alleged practice. Plaintiff seeks immediate injunctive relief to stop this allegedly on-going policy.

The underlying complaint references an incident alleged to have occurred on August 13, 2011, when plaintiff, suffering neck and chest pain, numbness in his left arm and shortness of breath, was told by defendants Hammer and Asad who eventually arrived after fellow inmates had been loudly trying for an hour to get help for plaintiff to "shut the fuck up," after which they walked away. Complaint, pp. 3-4. Plaintiff, in great fear, banged on his cell window with his walking cane, shattering the cell window. Id., at 4. When defendant Hammer finally returned and noticed the broken window, he told defendant Shaw who had plaintiff and his cellmate removed, handcuffed and placed in cages. Id., at 4-5. Shortly after that an unnamed officer was responsible for getting plaintiff to medical at which point he was evaluated and then transported by ambulance to the hospital where, among other things, it was determined he had an erratic heartbeat and had suffered damage to his heart. Id., at 5. He was later transported to another hospital for heart surgery. Id. Plaintiff seeks by his complaint both money damages and injunctive relief in the form enjoining defendants from refusing to provide emergency medical help to him.

Accordingly, IT IS ORDERED that:

1. Defendants have fourteen (14) days to respond to plaintiff's request for immediate injunctive relief. There will be no extension of time.

2. The Clerk of the Court is directed to serve a copy of the complaint, a copy of plaintiff's motion for preliminary injunctive relief, a copy of the order finding the complaint appropriate for service, and a copy of the instant order by mail upon each of the defendants: C/O M. Hammer, C/O Asad and Correctional Sgt. Shaw at California State Prison - Sacramento.

\\\\\

\\\\\

\\\\\

3. In addition, the documents listed in # 2 above are to be served electronically upon Monica Anderson, Supervising Deputy Attorney General.

DATED:   December 20, 2011

<u>/s/ Gregory G. Hollows</u>

U.S. Magistrate Judge

mead3342.ord