IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON D. MEADOR,

      Plaintiff,                          No. CIV S-11-3342 LKK GGH P

   vs.

M. HAMMER, et al.,

      Defendants.                 <u>ORDER</u>

_____/

       By order, filed on January 25, 2012, the court granted plaintiff's request for a substitution of Julia Young as his counsel in this civil rights action and the substitution was noted in the docket of this case. Thereafter, by order, filed on March 12, 2012, plaintiff's counsel was directed to provide the requisite documents for the court to effect service of process upon defendants for plaintiff. This was evidently done by plaintiff's counsel in a filing dated April 10, 2012 (docket # 24); thereafter, however, another notice of submission of documents appears to have been filed pro se by plaintiff on April 13, 2012 (docket # 35).

       Despite the court order filed on March 12, 2012, disregarding plaintiff's continued pro se filings at docket entries # 20 through # 22 because counsel had been substituted in for plaintiff, plaintiff continues to make pro se filings in this case despite this court's admonition that he must communicate with this court on the present matter only through counsel. Plaintiff

1

appears to be so confused that one of his recently filed pro se requests is for appointment of counsel (docket # 31, filed on April 13, 2012), although in another of his filings (docket # 29), plaintiff does appear to show some awareness that Julia Young is his counsel, if so, he should be aware that it is necessary for him to desist altogether from future pro se filings in this case. Plaintiff has also filed several other pro se requests, dated April 13, 2012, including one for "clarification" (docket # 26)—requesting a "correct[ion]" be made to his complaint; one for an "emergency hearing" (docket # 28)— regarding a claim that officers are trying to get his case dismissed by blocking his mail and regarding his efforts to have counsel Young advise court as to this problem; a notice that his mail is being blocked; a notice of his mailed being blocked by prison staff (docket # 29); a motion for production of medical documents (docket # 30)— a document which appears to be one that should be served on defendants after they have been served, rather than filed in court; a completely superfluous motion for appointment of counsel, as previously noted (docket # 31); a motion for an order protecting potential witnesses (docket # 32). In addition, again pro se, plaintiff, on April 16, 2012, most recently filed a motion directing Monica Anderson to serve a copy of her response to this court's December 20, 2011, order upon plaintiff (docket # 34).

This plethora of pro se filings is either an indication of blatant disregard of this court's prior orders on the part of plaintiff or shows that plaintiff is hopelessly confused about the status of his case. Therefore, before the court will direct service of this complaint upon defendants, counsel for plaintiff must clarify that plaintiff is aware that she is representing him in this matter and that he must cease altogether to attempt to communicate to this court in this case other than through his counsel. If counsel seeks to withdraw as counsel in this matter, she must show cause for such a request. In either case, counsel is to inform the court forthwith, that is, in not less than seven (7) days from the file date of this order, as to the status of her representation.

\\\\\
\\\\\

Accordingly, IT IS ORDERED that:

1. The inapposite pro se filings by plaintiff at the following docket entries, # 26, # 28, # 29, # 30, # 31, # 32 and # 34, are disregarded;

2. Plaintiff's counsel must, within seven (7) days of the file date of this order, inform the court as to the understanding of both herself and plaintiff with regard to her representation of plaintiff in this matter, as set forth above;

3. Plaintiff pro se is to be served with a courtesy copy of this order at the address he includes on his now disregarded filing at docket # 34.

DATED: April 23, 2012

          /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mead3342.ord3