UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR,<br><br>        Plaintiff,<br><br>    v.<br><br>M. HAMMER, et al.,<br><br>        Defendants. | No. 2:11-cv-03342 KJM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in forma pauperis and with the assistance of counsel in this action filed pursuant to 42 U.S.C. § 1983. Defendants' motion for summary judgment is before the court. ECF No. 72. Plaintiff has filed a response (ECF No. 80) and defendants have replied (ECF No. 76). Plaintiff, acting pro se, has also filed a declaration (ECF No. 84) which defendants oppose (ECF No. 85).

I.  Plaintiff's Allegations

Plaintiff alleges that defendants violated his rights under the Eighth Amendment when they ignored his claims that he was experiencing chest pains, resulting in an approximately three-hour delay in treatment. ECF No. 1. According to the complaint, defendants Hammer and Asad refused plaintiff's requests to call for medical assistance when he informed them he was experiencing chest pain. Id. at 4. Plaintiff then began using his cane to bang on the window in his cell, ultimately breaking the window. Id. Defendant Shaw was called and ordered plaintiff

1  moved to the sally port. Id. at 4-5. Shaw was aware from the beginning that there was an
2  emergency medical situation, but failed to order plaintiff sent to medical. Id. at 7. It was not until
3  plaintiff was at the sally port that another office sent him to medical. Id. at 5. Medical staff
4  performed an EKG and had plaintiff transported by ambulance to the hospital. Id. At the hospital
5  plaintiff was given morphine for the pain, and he suffered heart damage due to the delay in
6  treatment. Id. It was ultimately determined that plaintiff required an ablation to correct the
7  damage to his heart. Id. Plaintiff seeks declaratory and injunctive relief and compensatory
8  damages. Id. at 9-10.

9  II.     Defendants' Summary Judgment Motion

10  Defendants move for summary judgment on the grounds that plaintiff cannot establish the
11  essential element of deliberate indifference to his medical need. ECF No. 72-1 at 4-5. They
12  argue that even assuming plaintiff's account of events is true, he cannot show that he suffered any
13  harm as a result of the alleged delay, and therefore cannot establish deliberate indifference. Id.
14  They also argue that because the alleged delay was an isolated incident, there was no deliberate
15  indifference. Id. at 5-6. Finally, defendants argue that plaintiff's claim for damages for mental or
16  emotional injury is barred by 42 U.S.C. 1997(e) because he did not suffer a physical injury. Id. at
17  6.

18  III.    Plaintiff's Opposition

19  Plaintiff, through counsel, argues that because there is a material issue of fact regarding
20  the events of August 13, 2011, summary judgment should not be granted. ECF No. 75 at 7-8. He
21  further argues that defendants' actions on August 13, 2011, were not an isolated event and that
22  inmate calls for help were routinely ignored. Id. at 8. Plaintiff appears to concede that he is not
23  entitled to damages for emotional and mental injury. Id. at 7-8.

24  IV.     Plaintiff's Pro Se Declaration

25  Acting pro se, plaintiff has also filed a motion for leave to lodge a declaration with
26  supporting medical records. ECF No. 84. The defendants oppose the motion, arguing that it is an
27  attempt to file a sur-reply and is untimely and inadmissible. ECF No. 85.
28  Plaintiff's proposed declaration attempts to offer an opinion on the appropriate

1  interpretation of plaintiff's medical records and to dispute whether he abused his asthma
2  medication. ECF No. 84. However, there is no evidence to establish that plaintiff is qualified to
3  offer testimony regarding the proper interpretation of his medical records, and whether he abused
4  his asthma medication is immaterial to deciding this case. Furthermore, plaintiff has previously
5  been warned that pro se filings will be disregarded so long as he is represented by counsel. ECF
6  No. 23 at 2; ECF No. 37 at 2. For these reasons, the court will disregard plaintiff's pro se filing.
7  ECF No. 84.

8  V.     Undisputed Material Facts

9       With the exception of the issue whether plaintiff suffered damage to his heart, for the
10 purposes of summary judgment the defendants have assumed that plaintiff's version of events is
11 accurate. Accordingly, the facts are largely undisputed. See Defendants' Statement of
12 Undisputed Facts ("DSUF") (ECF No. 72-2); Plaintiff's Response to DSUF (ECF No. 80). The
13 following material facts are undisputed for purposes of this motion unless otherwise noted.

14      Prior to August 13, 2011, plaintiff had been diagnosed with supraventricular tachycardia
15 ("SVT"), the symptoms of which include "pounding of the heart, shortness of breath, chest pain,
16 rapid breathing, and dizziness." DSUF ¶ 2; Response to DSUF ¶ 2. He had also "received and
17 rejected recommendations from physicians that he undergo an ablation procedure to address his
18 SVT condition."[1] DSUF ¶ 3; Response to DSUF ¶ 3.

19      On August 13, 2011, at approximately 1:25 a.m., plaintiff awoke to symptoms of "chest
20 pain, shortness of breath, and numbness and tingling in his left arm." DSUF ¶ 4; Response to
21 DSUF ¶ 4. He proceeded to take two nitroglycerin pills and an aspirin, which did not help to
22 alleviate his symptoms. DSUF ¶ 5; Response to DSUF ¶ 5. At approximately 1:30 a.m., after the
23 nitroglycerin and aspirin did not help his symptoms, plaintiff began banging on his cell doors and
24 ////

---

[1] Plaintiff admits DSUF ¶ 3 in part and denies it in part. However, plaintiff does not actually deny that the procedure was recommended and rejected, but instead offers reasons why plaintiff chose not to go forward with the procedure. Response to DSUF ¶ 3. Why plaintiff chose not to have the procedure is immaterial to deciding this motion and does not dispute DSUF ¶ 3, which is therefore deemed admitted.

3

yelling "man down."[2]  Officers did not arrive until approximately 2:30 a.m.  Id.

When defendants Hammer and Asad arrived at plaintiff's cell, he advised them he was "having a heart attack, was short of breath, and that nitroglycerin medication and aspirin did not help."  DSUF ¶ 7; Response to DSUF ¶ 7.  Defendant Hammer told plaintiff that since he was standing up there was nothing wrong with him and defendants Hammer and Asad then walked away.[3]  DSUF ¶ 8; Response to DSUF ¶ 8.  Approximately five to ten minutes later, plaintiff began banging on his cell window with his cane, and after about twenty to thirty minutes, the window broke.  DSUF ¶ 9; Response to DSUF ¶ 9.

At approximately 3:00 a.m., Hammer returned to plaintiff's cell and plaintiff told them he had broken the window to get Hammer's attention and that he "was still experiencing chest pain, was short of breath, and had thrown up twice."  DSUF ¶ 10; Response to DSUF ¶ 10.  Hammer left and briefly and returned with Asad, at which point they handcuffed plaintiff and moved him to a holding cell.  DSUF ¶ 11; Response to DSUF ¶ 11.  Plaintiff estimates that it was approximately three hours between when he first began trying to get the officers' attention and when he was removed from his cell and placed in a holding cell.[4]  Id.  After plaintiff was moved to a holding cell, an unknown officer arrived and plaintiff advised that he was experiencing chest pain.  DSUF ¶ 12; Response to DSUF ¶ 12.  Five minutes later, plaintiff was taken to a prison yard emergency room and subsequently transported to Mercy Folsom Hospital by ambulance.  Id. DSUF ¶ 13; Response to DSUF ¶ 13.

Once at Mercy Hospital, an electrocardiogram ("EKG") was performed that did not

---

[2]  Plaintiff admits DSUF ¶ 6 in part and denies it in part.  However, plaintiff does not actually deny the statement in DSUF ¶ 6, but instead adds that several other inmates were yelling "man down."  Response to DSUF ¶ 6.  Whether other inmate were trying to notify correctional officers of plaintiff's condition does not create a material issue of fact, nor does it contradict DSUF ¶ 6, which is therefore deemed admitted.

[3]  Though plaintiff admits DSUF ¶ 8 in part and denies it in part, he does not actually deny the statement in DSUF ¶ 8, but instead adds that the defendants also told him and the other inmates "to shut the fuck up before they kick our ass."  Response to DSUF ¶ 8.  Although defendants' alleged threat to plaintiff may go to the egregiousness of their alleged behavior, it does not render DSUF ¶ 8 untrue.  DSUF ¶ 8 is therefore deemed admitted.

[4]  The court notes that though plaintiff estimates approximately three hours passed, the timeline supports a lapse of closer to one and half to two hours.  However, this difference will not affect the disposition of the motion.

4

indicate that plaintiff was experiencing SVT or that he had sustained a heart attack or myocardial infarct. DSUF ¶¶ 14-15; Response to DSUF ¶¶ 14-15. Blood tests were also administered and they did not show "elevated cardiac enzyme levels, elevated troponin levels, or other indications that a heart attack or damage to the heart had occurred."[5] DSUF ¶ 15; Response to DSUF ¶ 15. Plaintiff was transferred to Queen of the Valley Hospital, where an additional EKG and blood tests were performed. DSUF ¶¶ 16-18; Response to DSUF ¶¶ 16-18. The EKG demonstrated "normal sinus rhythm, with episodes of atrial fibrillation and flutter, without mention of supraventricular tachycardia" and did not indicate that plaintiff had sustained a heart attack or myocardial infarct. DSUF ¶¶ 17-18; Response to DSUF ¶¶ 17-18. Plaintiff's blood tests once again "indicated that there were no abnormal cardiac enzyme levels, elevated troponin levels, or other indications that damage to the heart had occurred." DSUF ¶ 18. Even assuming a three-hour delay in plaintiff's receipt of medical care took place, his medical records do not indicate he suffered any physical damage as a result of the alleged delay.[6] DSUF ¶ 28; Response to DSUF ¶ 28.

VI.     Defendants' Objections to Plaintiff's Evidence

Rule 56(c)(4) of the Federal Rules of Civil Procedure states that affidavits and declarations submitted for or against a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In other words, only admissible evidence may be considered by the court. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988). Inadmissible hearsay cannot be considered on motion for summary judgment.

---

[5] Plaintiff admits DSUF ¶ 15 in part and denies it in part. Plaintiff appears to deny the statement that there was no evidence his heart was damaged because "he was told by a doctor at Mercy Folsom that his heart had been damaged." Response to DSUF ¶ 15. To the extent plaintiff is attempting to use what the doctor allegedly told him to prove his heart was damaged, that statement is inadmissible hearsay and not competent evidence to create an issue of material fact. See infra Section VI.A. DSUF ¶ 15 is therefore deemed admitted.

[6] Plaintiff states he cannot admit or deny DSUF ¶ 28 at this time because based on what a doctor told him at Mercy Folsom, he believes his heart was damaged as a result of the delay. Response to DSUF ¶ 28. Statements allegedly made by the doctor are inadmissible hearsay and not competent evidence on a motion for summary judgment. See infra, Section VI.A. DSUF ¶ 28 is therefore deemed admitted.

1   See, e.g., Anheuser-Busch v. Natural Beverage Distrib., 69 F.3d 337, 345 n.4 (9th Cir. 1995);

2   Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 851 (9th Cir. 1990);

3   Fong v. Am. Airlines, Inc., 626 F.2d 759, 763 (9th Cir. 1980).  Statements in affidavits that are

4   legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the

5   standards of personal knowledge, admissibility, and competence required by 56(c)(4).  Blair

6   Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1980); Soremekun v. Thrifty

7   Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

8       Defendants have objected to several items of evidence submitted by plaintiff on the

9   grounds that they are inadmissible.  ECF No. 76-1.

10       A.    Statements Regarding Damage to Plaintiff's Heart

11       Defendants object to statements contained in plaintiff's deposition transcript and

12   declaration related to the alleged damage to his heart as inadmissible hearsay.  ECF No. 76-1 at 1,

13   3.  They also object to the admissibility of the statements as competent expert testimony.  Id.

14   Specifically, they object to pages 59:23-60:7 of plaintiff's deposition transcript (ECF No. 75-5 at

15   9-10) and paragraph 2 and the first sentence of paragraph 4 of plaintiff's declaration (ECF No.

16   75-9 at 1-2).

17       Plaintiff's deposition transcript and declaration include statements that he was told by a

18   doctor that his heart was damaged after the August 13, 2011 incident (ECF No. 75-5 at 9-10; ECF

19   No. 75-9 at ¶ 4) and that over the years doctors have told him that his heart is damaged every time

20   he has an SVT attack (id. at ¶ 2).  Defendants are correct that to the extent plaintiff is attempting

21   to use the doctors' alleged statements as proof that his heart was damaged, the statements are

22   hearsay and do not fall under any of the exceptions.  See Fed. R. Evid. 801-804.

23       Plaintiff is unable to testify to these matters himself because he has not established that he

24   is qualified to testify regarding the allegedly damaging effects of an SVT attack.  He also has not

25   established that he is qualified to interpret his EKG and blood test results such that he can opine

26   his heart was damaged by the alleged three-hour delay in treatment on August 13, 2011.

27       Defendants' objections to plaintiff's statements regarding damage to his heart are

28   sustained and these statements cannot be used as evidence that plaintiff's heart was damaged by

1  the alleged three-hour delay in treatment.

2    B.  <u>Evidence Regarding the Death of Inmate Visnayak</u>

3    Defendants object to statements in plaintiff's deposition (ECF No. 75-5 at 18-22, 80:18-

4  86:8) and declaration (ECF No. 75-9 at 3, ¶ 6) related to the death of inmate Visnayak, as well as

5  to Visnayak's death certificate (ECF No. 75-6).  ECF No. 76-1 at 2-4.  They argue that this

6  evidence is not relevant and is not admissible to demonstrate that they acted improperly as to

7  plaintiff.  <u>Id.</u>  Plaintiff argues that the evidence is relevant because it establishes that the events of

8  August 13, 2011, were not an isolated incident and that inmate calls for help were routinely

9  ignored.  ECF No. 75 at 8.

10    Plaintiff's argument that this evidence establishes the events of August 13, 2011, were not

11  an isolated incident is misplaced. That argument deals with the care provided to plaintiff

12  specifically, not to the defendants' actions generally.  Furthermore, since the defendants'

13  argument that there was no deliberate indifference because it was an isolated event fails for other

14  reasons, the evidence of Visnayak's death is immaterial to deciding the motion.  As for the use of

15  the evidence to establish defendants' character, while that is not permissible (Fed. R. Evid. 404),

16  the evidence could potentially be used to established habit or routine (Fed. R. Evid. 406).

17  However, conduct is not a habit unless there is evidence that it is frequently engaged in, and a

18  single incident is insufficient to establish habit or routine.  <u>Mathes v. The Clipper Fleet</u>, 774 F.2d

19  980, 984 (9th Cir. 1985).

20    Since the evidence regarding Visnayak's death is irrelevant to deciding the motion, the

21  defendants' objections will be sustained.

22    C.  <u>Spaulding and Virgo Declarations</u>

23    Plaintiff's opposition also includes declarations from Scott Allen Spaulding (ECF No. 75-

24  7) and David Allen Virgo (ECF No. 75-8).  Defendants object to portions of these declarations on

25  various grounds.  ECF No. 76-1 at 3.  The portions of the declarations objected to by defendants

26  do nothing but confirm information contained in plaintiff's declaration (ECF No. 75-9), making

27  them unnecessary to the resolution of the motion.  Defendants' objections are therefore overruled

28  as moot.

1   D.   Additional Statements from Plaintiff's Deposition

2   Defendants also object to statements from plaintiff's deposition dealing with his prior
3   request for an asthma inhaler, what Officer Haney saw on August 13, 2011, and defendant
4   Hammer's failure to respond to other inmates' requests for help.  ECF No. 76-1 at 2.

5   With respect to the statements related to plaintiff's request for an asthma inhaler (ECF No.
6   75-5 at 17, 70:1-10) and what Officer Haney saw on August 13, 2011 (id. at 41-42, 113:24-
7   114:7), both these matters are irrelevant to deciding the motion and defendants' objections are
8   sustained.  As for the testimony regarding Hammer's failure to respond to other inmates' requests
9   for help (id. at 23-26, 88:22-89:9, 90:7-10, 91:1-11), this testimony is not admissible as character
10  evidence (Fed. R. Evid. 404) and the few examples provided are insufficient to establish habit,
11  Mathes, 774 F.2d at 984.  Defendants' objections will therefore be sustained.

12  VII.   Legal Standards for Summary Judgment

13  Summary judgment is appropriate when the moving party "shows that there is no genuine
14  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.
15  Civ. P. 56(a).

16  Under summary judgment practice, the moving party "initially bears the burden of
17  proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation,
18  627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).
19  The moving party may accomplish this by "citing to particular parts of materials in the record,
20  including depositions, documents, electronically stored information, affidavits or declarations,
21  stipulations (including those made for purposes of the motion only), admission, interrogatory
22  answers, or other materials" or by showing that such materials "do not establish the absence or
23  presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
24  support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden
25  of proof at trial, "the moving party need only prove that there is an absence of evidence to support
26  the nonmoving party's case."  Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see
27  also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after adequate
28  time for discovery and upon motion, against a party who fails to make a showing sufficient to

8

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, . . . , is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be

drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

VIII.   Legal Standard Governing Eighth Amendment Claims

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

1  violation. Id. at 836-37. It is not enough that a reasonable person would have known of the risk
2  or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is
3  established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to
4  inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
5  citation omitted) (emphasis added). Deliberate indifference can be established "by showing (a) a
6  purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm
7  caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations
8  omitted).

9  A finding that an inmate was seriously harmed by the defendant's action or inaction tends
10 to provide additional support for a claim of deliberate indifference; however, it does not end the
11 inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir.1992). In summary, "the more serious the
12 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
13 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the
14 defendant." Id. at 1061.

15 IX.    Analysis

16 As an initial matter, the court notes that plaintiff's response is completely devoid of any
17 citation to legal authority. ECF No. 75. Moreover, though plaintiff seems to believe that there
18 are additional material facts that would preclude summary judgment, he has failed to file a
19 statement of disputed facts, as allowed by Local Rule 260(b), and makes only a handful of non-
20 specific citations to the attached exhibits, which include excerpts from five deposition transcripts
21 that range from eight to forty-three pages in length (ECF Nos. 75-1 to 75-5). See Fed. R. Civ. P.
22 56(c)(1)(A) (a party seeking to establish "a fact cannot be or is disputed must support the
23 assertion by citing to *particular* parts of the materials in the record") (emphasis added). Rather
24 than provide the court with specific citations, plaintiff appears to expect the court to comb
25 through these documents to find the relevant portions of the record that support his arguments.
26 However, despite these deficiencies in plaintiff's response, defendants' motion for summary
27 judgment should be denied as to the claims that defendants Hammer, Asad, and Shaw violated
28 plaintiff's Eighth Amendment rights, though the motion should be granted as to plaintiff's claims

for mental and emotional injury.

### A. Eighth Amendment Claim

Defendants argue that because plaintiff did not suffer any physical injury as a result of the alleged three-hour delay in treatment, he cannot show that he suffered any harm and therefore fails to establish a necessary element of deliberate indifference. ECF No. 72-1 at 5. The defendants also argue that plaintiff cannot establish deliberate indifference because the alleged delay was an isolated occurrence. Id. at 5-6. In support of their motion, defendants have produced the declaration of Dr. J. Bal, M.D. who is certified by the American Board of Internal Medicine and is licensed to practice in California. Declaration of Dr. J. Bal ("Bal Decl.") (ECF No. 72-2 at 39-45) at ¶¶ 1, 7. Dr. Bal opines that based on plaintiff's medical records, he did not suffer any damage to his cardiovascular system as a result of the alleged three-hour delay in providing treatment on August 13, 2011. Id. at ¶¶ 16-17, 22.

Plaintiff's response is largely focused on establishing the fact that there are differences between his version of events and the defendants' version, leading to material issues of fact that preclude summary judgment. ECF No. 75 at 2-8. Plaintiff also argues that the existence of plaintiff's serious medical condition and the failure to provide medical assistance within a reasonable time, without any reference to injury, are sufficient to establish deliberate indifference. Id. at 7-8. Plaintiff's final argument is that because there is a history of officers ignoring "man down" calls, the incident on August 12, 2011, was not an isolated incident. Id. at 8.

Plaintiff's argument that there are issues of material fact is meritless since, for purposes of the summary-judgment motion, the defendants have assumed that plaintiff's version of events is true. The only fact potentially in dispute is whether plaintiff's heart was damaged. However, it is undisputed that prior to August 13, 2011, plaintiff suffered from SVT and it had been recommended he have an ablation. DSUF ¶¶ 2-3; Response to DSUF ¶¶ 2-3. Plaintiff has failed to offer any competent evidence to challenge the defendants' expert testimony establishing that his heart was not damaged. As set forth above in Section VI.A., plaintiff's statements that he has been told that every SVT attack damages his heart and that his heart was damaged on August 13, 2011, are not sufficient to create a material issue of fact.

12

1       Plaintiff's argument that the existence of his serious medical condition and the
2  defendants' delay in obtaining medical assistance overlooks the fact that harm is a necessary
3  element of deliberate indifference. <u>Wood</u>, 900 F.2d at 1335 (delay in treatment does not
4  constitute deliberate indifference unless it causes substantial harm); citing <u>Shapely v. Nevada Bd.
5  of State Prison Com'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (finding denial of surgery was not
6  deliberate indifference unless it was harmful). However, defendants' argument that no harm
7  occurred is inaccurate. The Eighth Amendment protects plaintiff from the "unnecessary and
8  wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 104.
9       <u>Williams v. Ross</u>, No. C 04-2409 SI, 2007 WL 108468 (N.D. Cal. Jan. 10, 2007), presents
10 facts strikingly similar to those in this case. In <u>Williams</u>, the plaintiff alleged that the defendants
11 delayed at least an hour before summoning medical help when he complained of severe chest
12 pains. <u>Id.</u> at *1. The defendants argued that the plaintiff did not suffer any legally cognizable
13 harm because he "did not suffer a heart attack or any physical injury as a result of a delay in
14 receiving medical care." <u>Id.</u> They argued that plaintiff's allegations of pain were insufficient to
15 establish deliberate indifference because he had self-medicated with nitroglycerine and aspirin or
16 Motrin, the same medications he received from medical, and so his pain would have been the
17 same even if he had been treated by medical earlier. <u>Id.</u> The district court determined that there
18 was no triable issue of fact as to whether the defendants' actions were the actual and proximate
19 cause of the pain plaintiff and granted summary judgment. <u>Id.</u> at *2-3. However, on appeal, the
20 Ninth Circuit vacated the district court's judgment, finding that because the record showed that
21 the plaintiff's pain did not subside until he was administered treatment in addition to the
22 nitroglycerine tablets, "a reasonable jury could conclude the prison guards' inaction caused [the
23 plaintiff] to suffer a constitutional injury." <u>Williams v. Sotelo</u>, 295 Fed. Appx. 208 at 209 (9th
24 Cir. 2008).
25       In this case, it is undisputed that plaintiff did not suffer any physical injury on August 13,
26 2011. However, he did not obtain relief from his "unbearable continued chest pain" until he was
27 sent out to the hospital and received "cardiac medications and morphine." ECF No. 1 at 5. On
28 these facts, the court finds a triable issue of fact as to whether defendants' alleged inaction caused

1  plaintiff to suffer unnecessary and severe pain during their three-hour delay.

2  Defendants' final argument, that the events of August 13, 2011, were an isolated event is
3  not applicable given the facts of this case. Taking plaintiff's version of events as true, he advised
4  the defendants that he was having a heart attack, experiencing "chest pain, pain in [his] neck, and
5  numbness and tingling down [his] left arm," and that his nitroglycerin was not working. DSUF
6  ¶¶ 6-7. Defendants allegedly told him to shut up, that he would be fine, and left. Id. at ¶ 8.
7  Under these facts, plaintiff alerted defendants to the fact that he was having a heart attack and
8  required medical assistance, and they ignored him. Given defendants' alleged complete disregard
9  to plaintiff's claims that he was suffering a heart attack, summary judgment on the grounds that
10 this was an isolated incident is inappropriate. This was not negligence or inadvertence.
11 Defendants were aware of a serious risk of harm to plaintiff and knowingly failed to act, resulting
12 in the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104.

13  B.   Claim for Mental and Emotional Injury

14  Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a
15 prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury
16 suffered while in custody without a prior showing of physical injury or the commission of a
17 sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e). Alleged physical injury
18 need not be significant, but must be more than de minimis in order for a claim for mental and
19 emotional damages to proceed. Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

20  Defendants argue that plaintiff's claim for mental and emotional injury should be barred
21 because he did not suffer any physical injury as a result of the alleged three-hour delay in
22 treatment. ECF No. 72-1 at 6-7. Plaintiff does not challenge this argument, and in fact appears to
23 concede the issue by pointing out that he is still entitled to nominal damages, which open the door
24 to punitive damages. ECF No. 75 at 7-8. Furthermore, as set forth above, there is no dispute that
25 plaintiff did not suffer any physical injury as a result of the alleged three-hour delay.

26  Because plaintiff did not suffer any physical injury, he cannot recover damages for claims
27 of mental and emotional injury, and these claims should be dismissed.

28 ////

X.   Conclusion

For the reasons set forth above, plaintiff's pro se filing at ECF No. 84 will be disregarded, and the defendants' motion for summary judgment should be granted in part and denied in part.

Accordingly, IT IS HEREBY ORDERED that plaintiff's pro se filing at ECF No. 84 shall be disregarded.

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment (ECF No. 72) be granted in part and denied in part as follows:

1. Denied as to plaintiff's claim that defendants Asad, Hammer, and Shaw violated his Eighth Amendment rights and the case should proceed on plaintiff's claim that defendants were deliberately indifferent to his serious medical need when they ignored his requests for medical care, resulting in a three-hour delay in treatment.

2. Granted as to plaintiff's claim for damages for mental and emotional injury and plaintiff's claims for mental and emotional injury be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the court's calendar, no extensions of time will be granted.**  A copy of any objections filed with the court shall also be served on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE