1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GORDON D. MEADOR,                          No.  2:11-cv-3342 KJM AC P

12                    Plaintiff,

13         v.                                     ORDER

14    M. HAMMER, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding in forma pauperis and with counsel, has filed this

18    civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United

19    States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On March 16, 2015, the magistrate judge filed findings and recommendations, which were

21    served on all parties and which contained notice to all parties that any objections to the findings

22    and recommendations were to be filed within fourteen days.  ECF No. 86.  Defendants have filed

23    a document styled as objections to the findings and recommendations.  ECF No. 88.  Defendants

24    do not actually object to any of the magistrate judge's findings or recommendations.  Instead,

25    they request an order under Federal Rule of Civil Procedure 56(g) stating that it is an established

26    fact in this action that plaintiff did not sustain any physical damage to his heart.  ECF No. 88 at

27    2-3.  Defendants seek to avoid addressing this issue at trial.  *Id.*  The findings and

28    /////

1

1    recommendations do not authorize a reply to objections and plaintiff therefore has not had an

2    opportunity to respond to this request.

3         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

4    court has conducted a de novo review of this case.  Having carefully reviewed the file, the court

5    finds the findings and recommendations to be supported by the record and by proper analysis.

6         Federal Rule of Civil Procedure 56(g) authorizes but does not require the order requested

7    by defendants.  It provides:

8              If the court does not grant all the relief requested by the motion [for
               summary judgment], it may enter an order stating any material fact
9              – including an item of damages or other relief – that is not
               genuinely in dispute and treating the fact as established in the case.
10

11   Fed. R. Civ. 56(g).  Federal Rule of Civil Procedure 56(e) provides:

12             If a party fails to properly support an assertion of fact or fails to
               properly address another party's assertion of fact as required by
13             Rule 56(c), the court may:

14             (1) give an opportunity to properly support or address the fact;

15             (2) consider the fact undisputed for purposes of the motion;

16             (3) grant summary judgment if the motion and supporting materials
               — including the facts considered undisputed — show that the
17             movant is entitled to it; or

18             (4) issue any other appropriate order.

19   Fed. R. Civ. P. 56(e).

20

21        In support of their motion for summary judgment, defendants tendered evidence that

22   plaintiff's medical records did not indicate plaintiff "sustained any physical damage as a result

23   of" the alleged delay in treatment.  Defendants' Statement of Undisputed Facts (DSUF) ¶ 28,

24   ECF No. 72-2.  Plaintiff's response to this statement of undisputed fact was that he could neither

25   admit nor deny it "because based on what a doctor told him at Mercy Folsom, he believes his

26   heart was damaged as a result of the delay."  ECF No. 86 at 5 n.6 (citing Response to DSUF

27   ¶ 28).  The magistrate judge properly found the alleged statements by the doctor to be hearsay and

28   deemed undisputed fact 28 admitted.  *Id.*  On this record, the court views the fact as undisputed

2

1     for purposes of defendants' summary judgment motion, *see* Fed. R. Civ. P. 56(e)(2), but not for

2     all purposes at this time.

3              The court recognizes that plaintiff apparently concedes that he did not suffer physical

4     injury at least for purposes of whether he is entitled to seek damages for mental and emotional

5     injury, *see* ECF No. 86 at 14, and plaintiff may concede this issue at trial.  The proper time to

6     address the question is in the pretrial order, which will be prepared with the benefit of input from

7     both parties on the state of the evidence to be tendered at trial.

8              Accordingly, IT IS HEREBY ORDERED that:

9              1.  The findings and recommendations filed March 16, 2015 (ECF No. 86), are adopted in

10    full;

11             2.  Defendants' motion for summary judgment (ECF No. 72) is granted in part and denied

12    in part as follows:

13                  a.  Denied as to plaintiff's claim that defendants Asad, Hammer, and Shaw

14    violated his Eighth Amendment rights and the case proceeds on plaintiff's claim that defendants

15    were deliberately indifferent to his serious medical need when they ignored his requests for

16    medical care, resulting in a three-hour delay in treatment; and

17                  b.  Granted as to plaintiff's claim for damages for mental and emotional injury and

18    plaintiff's claims for mental and emotional injury are dismissed; and

19             3.  Defendants' request for an order specifying that it is established that plaintiff did not

20    sustain physical damage to his heart is denied without prejudice.

21    DATED:  March 31, 2015.

22

23    _____
      UNITED STATES DISTRICT JUDGE

24

25

26

27

28

3